UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GILBERT LAU,

                Plaintiff,

         - against -

HON. STEPHAN G. SCHICK, JSC; BRYAN
R. KAPLAN, ESQ.; PRISCILLA
ANDREWSKI; SARAH KATZMAN;
CHERYL A. MCCAUSLAND, ESQ.;
DANIEL L. BRIGGS; MICHAEL MCGUIRE,
ESQ.; MICHAEL DAVIDOFF, ESQ.;
STEPHEN F. LUNGEN; PAUL R. HANS;
DREW, DAVIDOFF & EDWARDS, LLP;
JOHN DOE I; JOHN DOE II; JOHN DOE III;[1]
JANE DOE I; JANE DOE II; and JANE DOE
III,[2]

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6015 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

      Plaintiff Gilbert Lau brings the instant *pro se* Complaint under 42 U.S.C. §§ 1983 and 1988. Plaintiff has paid the required filing fee.[3] For the reasons discussed below, the Complaint is dismissed, and Plaintiff is granted thirty (30) days' leave to file an amended complaint.

---

    [1] Plaintiff does not set forth any facts regarding the identities or employment affiliations of Defendants John Does I through III. In fact, Plaintiff does not refer to John Does I through III in his Complaint other than listing them in the caption.

    [2] Plaintiff mistakenly refers to several Defendants using erroneous names. The Court has attempted to ascertain the identities of the intended defendants and has corrected their names herein.

    [3] Plaintiff seeks to file this action under seal based on his "schizophrenia and mild mental retardation," and because this action, "is highly sensitive [and] confident[ial] and needs to be protected." (Dkt. 3.) Plaintiff's motion to file under seal is denied because Plaintiff has failed to overcome the strong presumption of the public's right of access to a judicial Complaint. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) ("[W]here documents directly affect an adjudication, or are used to determine litigants' substantive

1

**BACKGROUND**

Plaintiff brings this action against several judges and court clerks of Sullivan County Supreme Court, along with several individual attorneys (collectively "Defendants"). (Compl., Dkt. 1.) Specifically, Plaintiff seeks to sue various judicial officers, court employees, and private attorneys: (1) Sullivan County Supreme Court Justice Stephan G. Schick and Acting Justice Michael McGuire; (2) alleged Sullivan County Supreme Court clerks Sarah Katzman, Priscilla A. Andrewski, Jane Doe I, Jane Doe II, Jane Doe III, and Drew, Davidoff & Edwards, LLP;[4] and (3) individual attorneys Bryan R. Kaplan, Cheryl A. McCausland, Daniel L. Briggs, Michael Davidoff, Stephen F. Lungen, and Paul R. Hans. (*Id.* at 2–4.) Plaintiff alleges Defendants assaulted him on several occasions, targeting him because of his mental disabilities. (*See id.* at 1 ("This action alleges violation of Plaintiff's right[s] . . . and targeting of Plaintiff based on his [] mild mental retardation by the Defendants.").)

The Court notes that Plaintiff has been filing lawsuits "against virtually all governmental entities, judges, and other court personnel involved with his previously dismissed civil actions" for over two decades. *Lau v. Cooke*, No. 99-7900, 2000 WL 287690, at *3 (2d Cir. Mar. 16, 2000). Moreover, the Second Circuit has warned Plaintiff twice that further frivolous filings against government entities and judicial officers will result in sanctions. *See id.* at *3 ("[T]his is the third

---

legal rights, the presumption of access is at its zenith and thus can be overcome only by extraordinary circumstances. . . . Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings."). The presumption of access can be overcome to protect private interests, including protecting "the privacy and reputation of victims of crimes." *U.S. v. Amodeo*, 44 F.3d 41, 147 (2d Cir. 1995). However, here, Plaintiff has failed to plausibly allege he is a victim of crime. Thus, the Clerk of Court is respectfully directed to amend the caption to reflect Plaintiff's name.

[4] The Court does not find that Plaintiff has credibly alleged each party to be a Sullivan County Supreme Court clerk—especially given that at least one of the named parties is a law firm.

in a series of four cases that [Plaintiff] has filed in this Court on the same underlying facts . . . we now give him fair warning that, if he continues to abuse the judicial process by the instigation of frivolous appeals, an order may be entered directing the Clerk of this Court to refuse to accept the filings of any submissions from him."); *Lau v. Meddaugh*, No. 99-9363, 2000 WL 1476577, at *3 (2d Cir. Oct. 6, 2000) ("After surveying [Plaintiff's] history of vexatious litigation, we warned Plaintiff in March 2000 that future filings in this Court may result in sanctions[.] . . . [W]e give Plaintiff a second fair warning that, if he continues to abuse the judicial process by the filing of frivolous appeals, an order may be entered directing the Clerk of this Court to refuse to accept submissions from him.").

Plaintiff specifically has a pattern of filing frivolous state and federal lawsuits against judges and attorneys practicing in Sullivan County Supreme Court. *See, e.g.*, *Lau v. Sullivan County D.A.*, No. 99-7341, 1999 WL 1069966 (2d Cir. Nov. 12, 1999) (affirming district court's dismissal for frivolousness of a complaint alleging a conspiracy by Defendants Stephen Lungen and Paul Hans to withhold documents from him during the first state case); *Lau v. Cooke*, 2000 WL 287690, at *3 (affirming dismissal of complaint alleging civil rights violations by a Sullivan County Supreme Court Justice and clerk, and warning Plaintiff of sanctions if he continues to file frivolous appeals); *Lau v. Lungen*, 564 A.D.2d 912 (N.Y. App. Div. 1999) (affirming dismissal of Plaintiff's suit against Defendant, former Sullivan County District Attorney Stephen Lungen).

In this instant action, Plaintiff alleges Defendants committed what appear to be three separate assaults against him. First, on Sunday, September 27, 2022, Defendants allegedly "subjected Plaintiff to excessive force kicking and punching" at a friend's home in Forest Hills. (Compl., Dkt. 1, at 11.) Then, on an unspecified date, Plaintiff alleges Defendants "sodomized Plaintiff with a baton-like stick, without Plaintiff's consent." (*Id*. at 12.) This second incident is

3

alleged to have occurred while Plaintiff was using a "bathroom on board [a] plane" while simultaneously at his "friend['s] home in Queens." (*Id.* at 10–11 (asserting that "8 hours into the Plaintiff's friend home in Queens New York, Plaintiff got up from his seat to use a bathroom on board the plane[,] . . . [and that] Plaintiff was washing his hands in the bathroom sink when [Defendants]" assaulted Plaintiff).) Lastly, Plaintiff alleges that Defendants "physically assault[ed]" him while "his hands were cuffed behind his back and while he was in police custody." (*Id.* at 15.) The date of this third incident is also unspecified.

The Court further notes that Plaintiff also filed a complaint alleging assault against a subset of Defendants in Sullivan County Supreme Court five years ago, under Index Number 1154-2017. That case was dismissed. *Lau v. Davidoff*, Sup Ct, Sullivan County, Apr. 9, 2018, Schick, J., index No. 0001154/2017. Notably, that state court case was presided over by Justice Stephan G. Schick, who Plaintiff now names as a defendant in this case.

## LEGAL STANDARD

In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* Complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Regardless of whether a plaintiff has paid the filing fee, a district court has the

4

inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000).

## DISCUSSION

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings, although serious in nature (and even if Plaintiff believes them to be true), border on the level of fantastic and fanciful. "A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Here, Plaintiff asserts that he was the victim of several assaults by Defendants that make little factual sense. Specifically, he states that "[a]bout 8 hours into the Plaintiff's friend home in Queens New York, Plaintiff got up from his seat to use a bathroom on board the plane, located to the rear of where he was seated. Plaintiff was washing his hands in the bathroom sink when [Defendants] pushed [their] way into the bathroom" and assaulted him (Compl., Dkt. 1, at 12.) Then "[i]n shock, Plaintiff waited a minute after all [D]efendants had exited the bathroom before leaving himself. . . . Plaintiff walked directly back to his Friend's apartment and did not get up for the remainder of the [flight]." (*Id.* at 13.) Furthermore, Plaintiff also alleges that on an unspecified date, Defendants "physically assault[ed] [Plaintiff] [while] his hands were cuffed behind his back and while he was in police custody." (*Id.* at 15.) Even under the most liberal construction of Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the allegations are "irrational [and] . . . wholly incredible." *Denton*, 504 U.S. at 32. Furthermore, the Court is aware of Plaintiff's consistent pattern over the last two decades of bringing frivolous claims against many of the same defendants named in this case. Thus, the Court dismisses Plaintiff's claims as factually frivolous.

## CONCLUSION

In light of the Court's duty to liberally construe *pro se* complaints, Plaintiff is granted thirty (30) days' leave to file an amended complaint. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: 22-CV-6015 (PKC) (LB).

If Plaintiff fails to comply with this Order within the time allowed or cure the deficiencies discussed herein, the Court will direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 16, 2022
Brooklyn, New York